UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEORA LEWIS AND PHOEBE J. LEWIS,** Individually and On Behalf Of The Estate of Wilbert Jones, Jr. | * * * * | CIVIL ACTION NO. _____ |
| **Plaintiff** | * * | |
| **VERSUS** | * * | JUDGE _____ |
| **NEXION HEALTH AT LAFAYETTE, INC. D/B/A LAFAYETTE CARE CENTER and THE LOUISIANA PATIENT'S COMPENSATION FUND** | * * * * | MAGISTRATE _____ |
| **Defendant** | | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** \*

## NOTICE OF REMOVAL

TO:   United States District Court
　　　Western District of Louisiana, Lafayette Division

　　　Nexion Health at Lafayette, Inc. d/b/a Lafayette Care Center ("Nexion"), defendant in the above-captioned suit filed by plaintiff, Leora Lewis and Phoebe J. Lewis, individually and on behalf of the Estate of Wilbert Jones, Jr., now pending in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, bearing Case No. 2014-5810-K, files this Notice of Removal of this suit from the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana to the United States District Court for the Western District of Louisiana, Lafayette Division. This case is removable because: (i) there is complete diversity between plaintiffs and Nexion, the only properly joined defendant, the amount in controversy requirement is satisfied, and this removal is filed within thirty days of service of plaintiff's

petition; and, (ii) the Louisiana Patient's Compensation Fund was fraudulently joined as a defendant.

I.

Plaintiffs filed this lawsuit in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana on or about November 17, 2014, requesting that service be withheld.

II.

Nexion's first notice of this lawsuit occurred on or about January 27, 2015, when it was served with plaintiffs' lawsuit through its agent for service of process. The Louisiana Patient's Compensation Fund was served on January 29, 2015. Accordingly, this Notice of Removal is timely under 28 U.S.C. §1446(b).

III.

This action is one of a civil nature which alleges the liability of Nexion to plaintiffs. Plaintiffs contend Nexion breached the standard of care in its treatment of Wilbert Jones, Jr. while he was a resident at Lafayette Health Care Center, a nursing home owned and operated by Nexion. *See* Exhibit "A," Plaintiffs' Petition.

IV.

The matter in dispute reasonably appears to seek damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as plaintiffs contend they are entitled to recover damages for a multitude of injuries in connection with their wrongful death and survival causes of action, including damages for pain and suffering, loss of enjoyment of life, and medical expenses.  *See* Exhibit "A," ¶4.

V.

At and since the time of filing this suit, plaintiffs are domiciliaries of the State of Louisiana. *See* Exhibit "A."

VI.

Defendant Nexion Health at Lafayette, Inc. d/b/a Lafayette Care Center is a Delaware corporation having its principle place of business in Maryland.

VII.

Thus there is complete diversity between plaintiffs, citizens of Louisiana, and the only properly named defendant, Nexion, a citizen of Delaware and Maryland.

VIII.

The citizenship of co-defendant Louisiana Patient's Compensation Fund should be disregarded as it is improperly joined. A defendant may remove by showing that a non-diverse party was improperly joined where there is no "reasonable basis" for predicting that state law might impose liability on the non-diverse party.[1] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004); *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003). This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Id*. The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.*; *see Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). The

---

[1] The Fifth Circuit refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp*., 404 F.3d 328, 329 (5th Cir. 2005).

scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Ross*, 344 F.3d at 462-43 (citing *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)).

IX.

Plaintiffs fail to state a reasonable basis for a claim against the Louisiana Patient's Compensation Fund because plaintiffs have no cause of action against it under Louisiana law. The Patient's Compensation Fund, a creature of the legislature, does not have to be made a party to malpractice litigation nor does it need to be cast in judgment in order to disburse funds to a plaintiff. Plaintiffs name the Patient's Compensation Fund as a defendant which is contrary to the procedure set forth in the Medical Malpractice Act. La. R.S. 40:1299.44. Therefore, in accordance with Article 927 of the Louisiana Code of Civil Procedure, the plaintiff's petition simply fails to state a cause of action upon which relief can be granted.

Louisiana courts have held that the "Medical Malpractice Act does not contemplate the Patient's Compensation Fund as a party defendant" in an action for medical malpractice. *Weeks v. Patient's Compensation Fund,* 2003-469 (La. 11/5/03), 858 So.2d 851, at 855, *citing Williams v. Kushner,* 449 So.2d 455 (La. 1984). The court in *Weeks* discusses the status of the Patient's Compensation Fund under the Medical Malpractice Act as follows:

> The act does not give the [Patient's Compensation Fund] status as to co-obligor or insurer of the health care provider. It is a creature of the legislature designed to satisfy settlements and/or judgments against health care providers in excess of $100,000.00. The [Patient's Compensation Fund] does not have to be made a party to the litigation, nor case in judgment in order to disburse its funds. The only requirement is a final

>judgment or a court approved settlement, or a final arbitration award, against the health care provider in excess of one hundred thousand dollars. La. R.S. 40:1299.44(B)(2)(a-c). *See also*, *Forstall v. Hotel Dieu Hospital*, 429 So.2d 213 (La.App. 4th Cir. 1983), *writ denied* 433 So.2d 1054 (La. 1983).

*Id.*

Furthermore, the Louisiana Supreme Court defines the Patient's Compensation Fund as a "statutory intervenor 'who has an interest in the proceedings between the claimant and the health care provider because any damages in excess of one hundred thousand dollars are payable by the [PCF].' *Id.* at 680, 681…" *Id. citing Felix v. St. Paul Fire and Marine Ins. Co.,* 477 So.2d 676 (La. 1985). In accordance with Louisiana jurisprudence, a claimant must settle claims with her qualified health care providers before demanding payment of damages from the Louisiana Patients' Compensation Fund. *Ginn v. Women's Hospital Foundation, Inc.,* 2002-1913 (La. 4/9/03), 842 So.2d 338. Therefore, plaintiff's petition fails to state a cause of action against the Patient's Compensation Fund and consequently plaintiffs cannot prove a "reasonable basis" for imposing liability on the Patient's Compensation Fund.

X.

The requisite diversity between plaintiffs and Nexion, the only properly named defendant, as required by 28 U.S.C. 1332 has been satisfied. This matter is removable pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1441 (c).

WHEREFORE, Defendant, Nexion Health at Lafayette, Inc. d/b/a Lafayette Care Center, gives notice of removal of the above entitled cause from the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, to this Court.

Respectfully Submitted:

*/s/ W. Nicholas Dietzen, IV*
**F. SHERMAN BOUGHTON, JR. (Bar # 24030)**
**fsboughton@christovich.com**
**W. NICHOLAS DIETZEN, IV (Bar # 31135)**
**wndietzen@christovich.com**
**CHRISTOVICH & KEARNEY, LLP**
Suite 2300
Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700
**Attorneys For Defendant, Nexion Health at Lafayette, Inc. d/b/a Lafayette Care Center**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record:

John W. Milton
201 East Willow Street (70501)
PO Box 91362
Lafayette, Louisiana 70509

by depositing same in the U.S. Mail, postage prepaid and properly addressed, this 26th day of February, 2015.

AND

In accordance with the Western District of Louisiana's electronic filing procedures, I hereby certify that, on this 26th day of February, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF system.

*/s/ W. Nicholas Dietzen, IV.*
W. NICHOLAS DIETZEN, IV

4846-1074-9218, v. 1